# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| **DENNIS R. AND LISA K. LOOMIS,** Plaintiffs, v. **MERIDIAS CAPITAL, INC. dba CRESCENT MORTGAGE; BAC HOME LOANS SERVICING, LP; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; THE BANK OF NEW YORK MELLON; RECONTRUST COMPANY, N.A.; and JOHN DOES 1 through 10, inclusive,** Defendants. | **MEMORANDUM DECISION AND ORDER** Case No. 2:11-cv-363-PMW **Magistrate Judge Paul M. Warner** |

All parties in this case have consented to having United States Magistrate Judge Paul M. Warner conduct all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1] *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Before the court are (1) Meridias Capital, Inc.'s ("Meridias") motion to dismiss Dennis R. and Lisa K. Loomis's (collectively, "Plaintiffs") amended complaint;[2] and (2) BAC Home Loans Servicing, LP; Mortgage Electronic Registration Systems, Inc.; The Bank of New York Mellon; and ReconTrust Company, N.A.'s ("ReconTrust") (collectively, "Defendants") motion to dismiss

---

[1] *See* docket nos. 12, 25.

[2] *See* docket no. 16.

Plaintiffs' amended complaint.³ The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court concludes that oral argument is not necessary and will determine the motions on the basis of the written memoranda. *See* DUCivR 7-1(f).

Meridias and Defendants argue that the majority of the causes of action in Plaintiffs' amended complaint have been repeatedly rejected by courts in this district and that those causes of action rely upon misinterpretations of law. With one exception, which the court will address below, the court agrees. Both Chief Judge Ted Stewart and this court have recently rejected complaints filed by Plaintiffs' counsel, each of which was nearly identical to the complaint presently before the court. *See Pixton v. Citimortgage, Inc.*, No. 2:11-cv-418-PMW, 2011 U.S. Dist. LEXIS 112108 (D. Utah Sept. 29, 2011); *Saccio v. Bank of Am.*, No. 2:11-cv-511-TS, 2011 U.S. Dist. LEXIS 96618 (D. Utah Aug. 29, 2011); *Knudsen v. Countrywide Home Loans, Inc.*, No. 2:11-cv-429-TS, 2011 U.S. Dist. LEXIS 81797 (D. Utah July 26, 2011). With the one exception noted below, the court sees no meaningful distinction between this case and those cases. As demonstrated by Meridias and Defendants in their memoranda, the previous orders of dismissal by courts in this district are founded in well-established law. The court concludes that there is no reason to depart from those prior holdings and that Plaintiffs' claims, with the exception of the claim discussed below, fail as a matter of law.

---

³ *See* docket no. 18.

The sole claim that survives dismissal is Plaintiffs' fourth cause of action, which alleges that ReconTrust lacks the authority to conduct non-judicial foreclosure sales in Utah. In their motion to dismiss, Defendants argue that ReconTrust may conduct non-judicial foreclose sales in Utah pursuant to 12 U.S.C. § 92a. Defendants further argue that pursuant to the relevant federal statutory provisions, including § 92a, that Texas law applies, rather than Utah law. The court disagrees.

In a recent decision, District Judge Dee Benson adopted the reasoning previously set forth by District Judge Clark Waddoups concerning the precise issue presented by Plaintiffs' fourth cause of action. *See Coleman v. ReconTrust Co, N.A.*, 2:10-cv-1099-DB, docket no. 87 (D. Utah Oct. 3, 2011). This court likewise agrees with the reasoning set forth by Judge Waddoups in *Cox v. ReconTrust Co., N.A.*, No. 2:10-cv-492-CW, 2011 U.S. Dist. LEXIS 22157 (D. Utah March 3, 2011). In *Cox*, Judge Waddoups stated:

> Under a straight forward reading of § 92a(b), this court must look to Utah law in its analysis of whether ReconTrust's activities in Utah exceed ReconTrust's trustee powers. The powers granted to ReconTrust under federal law in this case are limited by the powers granted by Utah state law to ReconTrust's competitors. Accordingly, the extent of ReconTrust's federal powers must be determined by reference to the laws of Utah, not by reference to the laws of some other state. Under Utah law, the power to conduct a non-judicial foreclosure is limited to attorneys and title companies. The scope of the powers granted by federal law is limited to the same power Utah statute confers on ReconTrust's Utah competitors. The federal issue, therefore, is whether Recontrust is a competitor of Utah attorneys or title insurance companies.

*Id*. at *16-17.

In *Coleman*, after adopting that same reasoning, Judge Benson stated: "Because the parties did not brief the issue of whether ReconTrust competes with Utah attorneys or title insurance companies, the court will not rule on that matter at this time." *Coleman*, docket no. 87 at 3. Because the parties in this case also have not briefed that issue, the court will not reach it at this time.

In summary, **IT IS HEREBY ORDERED** that:

1. Meridias's motion to dismiss Plaintiffs' amended complaint[4] is **GRANTED**. Plaintiffs' claims against Meridias are **DISMISSED WITH PREJUDICE**.

2. Defendants' motion to dismiss Plaintiffs' amended complaint[5] is **GRANTED IN PART AND DENIED IN PART**. With the exception of Plaintiffs' fourth cause of action, which applies only to ReconTrust, Plaintiffs' claims against Defendants are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

DATED this 18th day of November, 2011.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[4] *See* docket no. 16.

[5] *See* docket no. 18.